TERRI F. LOVE, Judge.
hThe instant dispute arose when the City of New Orleans, through its Mayor, Mitchell J. Landrieu (“City”) informed Orleans Parish Criminal District Court Clerk of Court, Arthur Morrell (“Clerk of Court”) that the City intended to “hold back” a portion of the Clerk of Court’s funding to mitigate budget risks to the City. The Clerk of Court filed a petition of writ of mandamus claiming that the City acted arbitrarily and capriciously and abused its discretion by refusing to fund the operations of the Clerk’s Office in contravention to state law. The Clerk of Court claimed that the City is required to fund the operation of the Clerk’s Office, including the salaries of the deputy clerks employed by his office. The Clerk of Court asserts that after the 2012 budget was approved, the City’s decision to convert the initial funding “hold back” to a “permanent reduction” was arbitrary and capricious. The City, however, alleged that it met its obligation under La. R.S. 13:1372 to provide funding, and the “permanent reduction” was pursuant to its discretionary power under the Home Rule Charter. The trial court concluded that the Clerk of Court failed to establish “how the discretionary decision of the City to 12reduce the budget to plaintiffs office was arbitrary or an abuse of discretion,” and *764 denied the petition for writ of mandamus. Since the trial on the merits and lodging of the record in this Court, Louisiana legislature recently enacted La. R.S. 13:1381.7, establishing that “amounts to be appropriated and paid by the City for the expenses” of the Clerk’s Office “shall not be reduced by [the City] without the consent of the legislature.” We find La. R.S. 13:1381.7 interpretive of the statutes directing the City to pay the expenses, including the salaries of the State’s employees and officers of the Clerk’s Office, and thus, is retroactive. Therefore, we remand the instant case to the trial court for application of La. R.S. 13:1381.7 for a decision on whether La. R.S. 13:1381.7 prohibits the City under the Home Rule Charter from imposing a permanent “budgetary ‘hold back.’ ”

PROCEDURAL AND FACTUAL BACKGROUND

During 2012, a budget was proposed for the City to provide funding for the operation of the Clerk’s Office, including certain personnel. After the 2012 budget was approved, Chief Administrative Officer, Andrew Kopplin (“Mr. Kopplin”), informed the Clerk of Court in a March 2012 letter that the City intended to “hold back ... over two percent” of the funding appropriated for the Clerk of Court for the 2012 fiscal year “in order to mitigate budget risks to the city.” Following the City’s Revenue Estimating Conference in June 2012, Mr. Kopplin sent a letter in July to the Clerk of Court indicating that Mr. Kopplin was “directing the city budget office to reduce the [Clerk of Court’s] spending authority by 3.8 percent.” | sMr. Kopplin further stated in the letter that pursuant to his direction the temporary “hold back” would be “a permanent reduction.”
In October, the Clerk of Court informed Mr. Kopplin that the Clerk’s Office did not have sufficient funds to buy office supplies. Consequently, Mr. Kopplin released additional funds to the Clerk of Court in order to purchase necessary office supplies.
Thereafter, the Clerk of Court filed a petition for writ of mandamus in the trial court alleging the City abused its discretion and acted arbitrarily and capriciously in refusing to fund the operations of the Clerk’s Office. The Clerk of Court further alleged that state law mandates the City to pay various funds including the salaries of his office’s employees in addition to other operating expenses. The City filed an exception of no cause of action alleging that the remedy of mandamus was not available in this case because the act of approving expenditures is inherently discretionary pursuant to the Home Rule Charter, which the trial court denied. After a trial on the merits, the trial court concluded that the Clerk of Court failed to establish how the City’s discretionary decision to reduce the budget of the Clerk’s Office under the Home Rule Charter was an abuse of discretion. Accordingly, the trial court denied the Clerk of Court’s petition for writ of mandamus. The Clerk of Court then filed a motion for new trial, which was denied. This appeal follows.

\ ARETROACTIVITY OF NEWLY ENACTED § 13:1381.7

Subsequent to the trial court’s ruling in this case and the lodging of the record with this Court, the Louisiana legislature enacted La. R.S. 13:1381.7 (Act 229 of 2013), effective July 1, 2013, which provides:
A. The legislature finds that adequate funding of the office of Clerk of the Criminal District Court for the parish of Orleans is necessary for the efficient performance of the powers *765 and duties required of a judicial officer of the state. Pursuant to the exercise of the police power of the state, actions for obtaining adequate funding are necessary to promote judicial efficiency and to protect and promote the lives, health, morals, comfort, and general welfare of people as a whole. The amounts to be appropriated and paid by the city of New Orleans for expenses, including salaries and maintenance of constitutional officers, their deputies, subordinates, and employees shall not be reduced by the city of New Orleans without the consent of the legislature.
B. The legislature further finds that the state mandating payment by the city of New Orleans to the state’s employees and officers of the Clerk for the Criminal District Court for the parish of Orleans constitute a valid exercise of the state’s police power, and such statutes do not violate the provisions of the Louisiana Constitution of 1921 or the Louisiana Constitution of 1974.
C. Nothing contained in this Act shall be construed as giving to the city of New Orleans any rights, powers, authority, or jurisdiction over any constitutional officers, their deputies, employees, subordinates, or over any state or district officers, their deputies, subordinates, or employees.
(emphasis added).
The parties in this case dispute what discretionary power the City has to reduce the Clerk of Court’s budget. Because the newly enacted La. R.S. 13:1381.7 addresses the City’s duty to provide adequate funding for expenses of the Clerk’s Office and may not be reduced without the legislature’s consent, the question before this Court becomes whether or not La. R.S. 13:1381.7 applies retroactively. A determination of a statute’s retroactive application employs a twojfold6 inquiry. The first inquiry is whether the legislation expressed its intent regarding the statute’s retrospective or prospective application. See Cole v. Celotex, Corp., 599 So.2d 1058, 1063 (La.1992). Where the legislature does not expressly provide how the statute is to be applied, the court must classify the enactment as substantive, procedural, or interpretative. Id.
The Louisiana Supreme Court in Segura v. Frank, 93-1271, (La.1/14/94), 630 So.2d 714, 723, expounded on the three types of law:
Substantive laws establish new rules, rights, and duties or change existing ones. St. Paul Fire & Marine Ins. Co. v. Smith, 609 So.2d 809, 817 (La.1992); Ardoin v. Hartford Acc. & Indem. Co., 360 So.2d 1331, 1339 (La.1978). Procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws. Graham v. Sequoya Corp., 478 So.2d 1223, 1226 (La.1985); Terrebonne v. South Lafourche Tidal Control Levee Dist., 445 So.2d 1221, 1224 (La.1984). Interpretive laws merely establish the meaning the interpreted statute had from the time of its enactment. St. Paul Fire & Marine, 609 So.2d at 817; Ardoin, 360 So.2d at 1339.
Further, La. C.C. art. 6 states, “[i]n the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.”
The Clerk of Court avers that La. R.S. 13:1381.7 is interpretive law and meant to clarify the law already in effect, specifically, La. R.S. 13:1372. In Ardoin *766 v. Hartford Acc. & Indem. Co., 360 So.2d 1331, 1338-39 (La.1978), the Louisiana Supreme Court addressed the exception relating to interpretive laws and their retroactive application:
According to civilian theory, however, the principle of non-retroactivity of existing legislation admits three exceptions: laws that suppress or lessen penalties, laws that are merely interpretive of existing legislation, and those that the legislature has expressly or impliedly declared to be retroactive. 1 M. Planiol, Civil Law Treatise, |fiN° 249-252 (La.St.L.Inst.Transl.1959); A. Yiannopoulos, Civil Law System, 68 (1977).
The exception relating to interpretive laws has been explained by Professor Yiannopoulos as follows:
‘ * * * The exception ... is justified on the ground that these laws do not establish new rules; they merely determine the meaning of existing laws and may thus be applied to facts occurring prior to their promulgation. In these circumstances, there is an apparent rather than real retroactivity, because it is the original rather than the interpretive law that establishes rights and duties. * * * ’ Yiannopoulos, Supra, at p. 68.
This Court has recognized that interpretive legislation cannot properly be said to divest vested rights, because, under civilian theory, such legislation does not violate the principle of non-retroactivity of laws. The interpretive legislation does not create new rules, but merely establishes the meaning that the interpreted statute had from the time of its enactment. It is the original statute, not the interpretive one, that establishes rights and duties. Gulf Oil Corporation v. State Mineral Board et aL., 317 So.2d 576 (La.1974); 1 M. Planiol, Treatise on the Civil Law, s 251 at 179 (La.State L.Inst.Transl.1959); cf. Green v. Liberty Mutual, 352 So.2d 366 (La.App. 4th Cir.1977).
The Clerk of Court argues that the statute at issue in this case is La. R.S. 13:1372, and La. R.S. 13:1381.7 merely interprets it by declaring that the Louisiana legislature is the only governmental body that can reduce the amounts to be appropriated and paid by the City. Further, the Clerk of Court avers that the City’s reduction of the Clerk’s Office budget has barred him from exercising his authority under La. R.S. 13:1371.2(B) to fill vacancies in his support staff. The City argues that legislature’s enactment of La. R.S. 13:1381.7 does not impose any new funding obligations on the City and “merely requires the City to provide funding to the Clerk as set forth in existing Louisiana law,” and the City has met its statutory obligations.
A review of La. R.S. 13:1381.7 demonstrates that the legislature did not expressly state whether the statute should have retrospective or prospective application. Thus, the second inquiry requires classification of the enactment as substantive, procedural, or interpretative.
17Applying the principles pronounced in Ardoin, we find that La. R.S. 13:1381.7 is interpretive of the statutes mandating payment by the City to the State’s employees and officers of the Clerk of Court and should be given retrospective application.
First, La. R.S. 13:1371.2(B) provides in pertinent part:
The clerk of the Criminal District Court for the parish of Orleans shall appoint, with the approval of the judges of the court, such deputy clerks as are necessary to properly conduct the business of his office and of the court.
Secondly, La. R.S. 13:1372 establishes the duties of the City to fund the Clerk’s Office pertaining to the salaries of deputy *767 clerks. Specifically, La. R.S. 13:1372 states:
A. The salaries of the deputy clerks of the criminal district court shall be as follows:
Chief Clerk (Administrative Assistant), seven hundred and ten to nine hundred five dollars a month; Property Clerk (Deputy Court Clerk IV), five hundred and fifty-six to seven hundred and ten dollars a month; Deputy Clerk II, three hundred fifty-eight to four hundred fifty-eight a month; and Deputy Clerk I a minimum three hundred ten dollars to three hundred ninety-five dollars a month. These salaries shall be paid by the city of New Orleans.
B. The salaries of the deputy clerks of the criminal district court paid in accordance with the provisions of Subsection A hereof may be increased in accordance with the salary ranges established in the official pay plan for the city of New Orleans as adopted and approved by the city council. The salaries, as so increased shall be paid by the city of New Orleans.
(emphasis added).
Based on this Court’s review of the foregoing statutes at issue, we find La. R.S. 13:1371.2 establishes the Clerk of Court’s substantive right, with the approval of the judges of Criminal District Court, to appoint deputy clerks as necessary to conduct business of the Clerk’s Office and Criminal |sDistrict Court. Likewise, La. R.S. 13:1372 establishes the City’s duty to pay the salaries of the deputy clerks appointed by the Clerk of Court.
We find that the newly enacted La. R.S. 13:1381.7 is interpretive law that clarifies the state statutes that establish the substantive rights of the Clerk of Court and the City’s duty to pay the salaries of the State’s employees and officers. La. R.S. 13:1381.7 does not establish any new duties or rights of the parties; rather, it merely explains those rights and duties already established.
The purpose of La. R.S. 13:1381.7 is to clarify the City’s duty to pay the appropriated funding of the Clerk’s Office as mandated by state statutes. Moreover, the newly enacted La. R.S. 13:1381.7 clarifies the necessity for the City to provide adequate funding to the Clerk’s Office. La. R.S. 13:1381.7(A) states that adequate funding plays an important role in the “efficient performance of the powers and duties of a judicial officer of the state” in addition to the “judicial efficiency” and the protection and promotion of “the lives, health, morals, comfort, and general welfare of people as a whole.” To foster the efficient performance of the powers and duties of the Clerk of Court and his Office, the Louisiana legislature mandates that the City pay “all expenses, including salaries and maintenance of constitutional officers, their deputies, subordinates, and employees” and “shall not be reduced by the City of New Orleans without the consent of the legislature.” La. R.S. 13:1381.7(A).
Requiring the legislature’s consent to reduce the amounts to be appropriated and paid by the City for expenses and salaries of the Clerk’s |9Office’s employees does not impose on the City any new duty. Instead, the statute establishes the meaning of the existing laws relative to the City’s duty to provide adequate funding. Accordingly, we find that La. R.S. 13:1381.7 does not impose any new rights or duties on either party. The newly enacted statute merely interprets the existing laws relative to the City’s duty to pay the amounts appropriated for the Clerk of Court’s expenses, including the salaries and maintenance of the State’s employees and officers, namely La. R.S. 13:1371.2 and 13:1372. Thus, because we find the La. *768 R.S. 13:1381.7 to be interpretive law, we also find the statute to have retroactive application.

DECREE

The trial court in this case determined that the City under the Home Rule Charter had discretionary authority to reduce the Clerk of Court’s appropriated 2012 budget, and that the Clerk of Court failed to demonstrate how the exercise of the City’s discretionary power was an abuse of discretion. Our review of the record indicates at issue in this case is whether the City met its obligation under the existing state laws to provide adequate funding to the office of the Clerk of Court. Because La. R.S. 13:1381.7 interprets what duties and rights the City has relative to its discretionary power to reduce the Clerk of Court’s appropriated budget under the existing laws, it follows that La. R.S. 13:1381.7 applies to the facts in this case previous to the statute’s promulgation. Thus, because we find the newly enacted La. R.S. 13:1381.7 to be interpretive law it follows that we also find La. R.S. 13:1381.7 to have retrospective application. Therefore, we reverse | inthe trial court’s ruling and remand this matter to the trial court for application of La. R.S. 13:1381.7.
REVERSED AND REMANDED.