DENNIS R. BAGNERIS, SR., Judge.
11 This matter comes before this Court after a- remand to the distinct court in State ex. rel. Orleans Parish Criminal Dist. Court v. City of New Orleans ex rel. Landrieu, 14-0421 (La.App. 4 Cir. 10/01/14), 151 So.3d 714. Specifically, on October 1, 2014, this Court remanded this matter, for a second time, to the district court for an evidentiary hearing and determination of whether the City of New Orleans complied with its statutory obligation, pursuant to La. R.S. 13:1381,7, to fund the Orleans Parish Clerk of Criminal Court’s office for the year 2012, and whether the City of New Orleans owes any amounts to the Clerk of Criminal Court for the year 2012.
Following a hearing on November 6, 2014, the district court signed a judgment on June 25, 2015, which granted the petition for writ of mandamus in favor of the Orleans Parish Clerk of Criminal Court, Clerk of Court, Author Morrell, and against the City of New Orleans in the amount of $141,000.50 for the year 2012, together with interest and costs. The City of New Orleans now appeals this final judgment.
On appeal, the City of New Orleans alleges that the district court erred in finding that: (1) it had held back 3.8% of the budget appropriated to the Orleans | gParish Clerk of Criminal District Court in 2012; and (2) individuals who are lawyers, accountants, and other positions are “deputy clerks” whose salaries must be paid by the City of New Orleans. In response to the City of New Orleans’s appeal, the Orleans Parish Clerk of Criminal District Court filed a reply brief arguing that the appeal has been taken for delay and requests sanctions for a frivolous appeal, including costs and attorney fees. For the following reasons, we hereby affirm the judgment of the district court, which granted the petition for writ of mandamus and found in favor of the Orleans Parish Criminal District Court in the amount of $141,600.50. Further, after a careful review of the record in this matter, we deny Orleans Parish Clerk of Criminal District Court’s request for sanctions as we cannot say that this appeal was taken only for the purpose of delay and we are unable to find that appealing counsel did not seriously believe in the position advocated on appeal.
*129 The background facts surrounding this action are summarized by this Court in State ex. rel. Orleans Parish Criminal Dist. Court v. City of New Orleans ex rel. Landrieu, 12-1756 (La.App. 4 Cir. 10/23/13), 126 So.3d 762, and State ex. rel. Orleans Parish Criminal Dist. Court v. City of New Orleans ex rel. Landrieu, 14-0421 (La.App. 4 Cir. 10/01/14), 151 So.3d 714. Following this Court’s remand to the district court, a hearing was held on November 6, 2014. At that time, three- witnesses testified on behalf of the Orleans Parish Criminal District Court: Honorable Arthur Morrell, the Clerk of Criminal Court, Ms. Cheryl Bean, the Clerk of Court Human Resource Director, and Ms. Alisha Brumfield, the Clerk of Court Financial and Budget Director. The City of New Orleans had two witnesses testify on its behalf: Mr. Andrew Kopplin, the Chief Administrative Officer |a(“CAO”) for the City of New Orleans; and Mr. Cary Grant, the Assistant CAO for budget and operations for the City of New Orleans.
STANDARD OF REVIEW
The appellate court must determine whether the trial court committed an error of law or made a factual finding that was manifestly erroneous or clearly wrong. Gibson v. State, 99-1730 (La.4/11/00), 758 So.2d 782. The reviewing court must review the record in its entirety to make this determination. Stobart v. State, Dep’t of Transp. and Dev., 617 So.2d 880 (La.1993). “Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony.” Id. at 882. “[W]here two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.” Id. at 883.
DISCUSSION
The issue before this Court is whether the district court erred in its finding that: (1) the City of New Orleans failed to comply with its statutory obligation, pursuant to La. R.S. 13:1381.7, to fund the Orleans Parish Clerk of Criminal District Court’s Office for the year 2012; and (2) the City of New Orleans owes the Orleans Parish Clerk of Criminal District Court $141,600.50 for the year 2012.
La. R.S. 13:1381.7 provides as follows:
A. The legislature finds that adequate funding of the office of Clerk of the Criminal District Court for the parish of Orleans is- necessary for the efficient performance of the powers and duties required of a judicial officer of the state. Pursuant;to the exercise of the police power of the -state, actions for obtaining adequate funding are necessary to promote judicial efficiency and to protect and promote |4the lives, health, morals, comfort, and general welfare of people as a whole. The amounts to be appropriated and paid by the city of New Orleans for expenses, including salaries and maintenance of constitutional officers, their deputies, subordinates, and employees shall not be reduced by the city of New Orleans without the consent of the legislature. (Emphasis added)
B. The legislature further finds that state statutes mandating payment by the city of New Orleans to the state’s employees and officers of the Clerk for the Criminal District Court for the parish of Orleans constitute a valid exercise of state’s police power, and such statutes do not violate the provisions of the Louisiana Constitution of 1921 or the Louisiana Constitution of 1974.
C. Nothing contained in this Section shall be construed as giving to the city *130 of New Orleans any rights, powers, authority, or jurisdiction over any constitutional officers, their deputies, employees, subordinates, or over any state or district officers, their deputies, subordinates, or employees..
After a review of the record, we find that the trial judge in this case thoroughly considered all the evidence and comprehensively reviewed all the legal issues presents ed. The trial court, correctly found that La, R.S. 13:1381.7 mandates that the City of New Orleans pay "expenses, including salaries ‘and maintenance of constitutional •officers, their deputies; subordinates, and employees” and shall not reduce those amounts without approval-of the legislature; The trial court also correctly found that the City of New Orleans failed to meet its statutory obligation of paying the salaries ’of 90.6 necessary deputy clerks- in the Orleans Parish Clerk- of' Criminal Court following the-' City of New Orleans’s notice of its 3.8% permanent reduction in the Clerk’s' spending authority in 2012. We quote from and adopt the trial court’s findings and well-written reasons for judgment as follows, in pertinent part:
The' Court heard testimony from The Honorable Arthur Morrell, Clerk' of Criminal Court; Ms. Cheryl Bean, 'deputy'clerk working in human resources for the Clerk of Court; Ms. Alicia Brum-field, deputy clerk working as the judicial administrator for the Clerk of | ¿Court; Mr. Andrew Kopplin, the Chief Administrative Officer for the City of New Orleans; and Mr. Cary-Grant, the Assistant CAO for budget and operations for the City óf New Orleans; •
• The Clerk of Criminal' Court has' a substantive right, -with the' approval of the judges of Criminal District Court, to appoint deputy clerks “as are necessary to properly conduct business” of the Clerk’s Office and Criminal District Court. La. R.S. 13:1371.2. Further, the law mandates that the City of New Orleans pay “expenses, including salaries and maintenance of constitutional officers, ■their deputies, subordinates, and employees” and shall not reduce those amount's without approval of the legislature. R.S. 13:1381.7.
The Honorable Arthur Morrell, testified that the number -of employees/deputy clerks necessary to properly conduct business is established by reference to previous years. Mr. Morrell maintained that the 90.6 full time employees, submitted to the City in his 2012 budget, are all necessary to properly conduct business and the 90.6 number was based on the same number of employees he had the previous year, and that this has been the same for several years, all with the tacit approval of the judges of Criminal District Court,
Mr. Morrell testified that his budget director in finance uses the City’s pay scale to add up what each of the 90.6 employee’s salary is supposed to be and that is where they get'the budget figure to submit to the City for a payroll of 90.5 necessary employees/deputy clerks. Mr.Cary Grant confirmed that the adopted budget for 2012 accounted for the Clerk of Court having 90.6 full time positions, which was inclusive of all positions within the Clerk of Court’s office regardless of the deputy clerks’ designation, i.e., accountant, etc; The Clerk’s budget for 2012, which accounted for 90.6 full time employees, was approved by'the City Council, It was undisputed that approximately 98% of the budget of the Clerk is for salaries of employees/deputy clerks. Additionally, this Court finds that those 90.6 employees of the Clerk of Court are all “deputy clerks”, regardless of the job function they are assigned in the -office and for purposes of determining their pay *131 grade, pursuant to the City’s pay scale. The City’s argument to the contrary is rejected. The City of New Orleans was mandated by law to pay the salaries of 90;5 deputy clerks/employees of the Clerk of Criminal Court’s Office for the year 2012.
|6In July 2012, Mr. Andrew Kopplin, sent a letter to the Clerk which stated that he was directing the City budget office to reduce the Clerk’s spending authority by 3.8% and that this would be a permanent reduction in the Clerk’s funding. It was undisputed that the 3.8% reduction amounted to $141,600.50. As a result, Mr. Morrell testified that he had 5 vacancies that arose in 2012 and the City refused to put the necessary replacement employees on the payroll to be paid. The Clerk of Court does not directly pay any of his deputy clerks; rather, they are paid by checks issued by the City of New Orleans. Mr. Mor-rell testified that the City had never before, during his tenure, reduced or attempted to reduce the number of necessary employees in his office. Mr. Cary Grant confirmed that this is the first lawsuit that the Clerk of Court has ever filed against the City, to his knowledge, in his many years with the City,
Additionally, the testimony presented, particularly the testimony of Ms. Alicia Brumfield, the judicial administrator for the Clerk, who is in charge of all accounting and financial matters within the Clerk’s office, established that the adoption of Ordinance No. 25130, on November 30, 2012, which transferred funds in the amount of $372,237.00 to the Clerk of Criminal Court, was a formality for audit purposes to get the City’s adopted budget in line with the actual amounts expended by each office, agency, department, that the City is required to fund. According to the testimony, the adopted budget is not necessarily the actual amounts that are expended during the year. In fact, according to Mr. Kopplin and Mr. Morrell, Mr. Morrell was not even informed of the Ordinance. The Court finds from the evidence presented that Ordinance No, 25130 was not intended to and did not replace the 3.8% permanent reduction in funding. It is undisputed that the $372,237.00 was not used by the City to fund the vacant positions in the Clerk’s office. The 5 positions that went vacant during 2012, remained vacant, and the Clerk was unable to fill those necessary positions as a result of the City refusing to put them on the payroll. (Emphasis added)
The Court finds from all of the evidence presented that the City’s 3.8% permanent reduction of the Clerk’s spending authority for the year 2012 resulted in the City failing to meet its statutory óbligation to pay the .salaries |7of the 90.5 deputy clerks who are necessary to properly conduct the business of the Clerk’s office. Although the City’s Home Rule Charter gives the City the authority to alter its budget even after it has been adopted by the City Council; if that alteration affects the City’s statutory obligation to fund the Clerk of Court’s office, the City múst seek advanced legislative consent, which they admittedly did not do. Mr. Andrew Kopplin, CAO for the City; who made the decision to reduce the Clerk’s funding by 3.8%, admitted that he did not consider how the 3.8% reduction would impact the Clerk’s office or how it would impact the City’s.’ statutory duty to pay the salaries of the deputy clerks (where 98% of the Clerk’s budget is for deputy clerk salaries). Mr. Cary Grant con *132 firmed that the permanent reduction imposed in 2012 by the CAO’s office was as to all departments, agencies, offices, etc., and the City’s statutory duty relative to the Clerk of Criminal Court’s Office was not considered. (Emphasis Added)
Prom all the evidence presented, the Court finds that the City of New Orleans failed to comply with its statutory obligation, pursuant to La. R.S. 13:1381.7, to fund the Orleans Parish Clerk of Criminal Court’s Office for the year 2012. It was established that the adopted budget for the Clerk’s office would have supported salaries for the 90.5 employees/deputy clerks necessary to properly run the office and that the adopted budget was reduced by 3.8% or $141,600.50. Therefore, the Court finds that the City of New Orleans owes the Orleans Parish Clerk of Criminal District Court $141,600.50 for the year 2012.
Finally, as to the issue of sanctions for a frivolous appeal, we find this to be a very close case. Damages for a frivolous appeal are awarded pursuant to La. C.C.P. 2164; however, this statute is considered to be penal in nature and must be strictly construed. Alden v. Lorning, 04-0724, p. 11 (La.App. 4 Cir. 5/04/05), 904 So.2d 24, 30 citing Tillmon v. Thrasher Waterproofing, 00-0395, p. 8 (La.App. 4 Cir. 3/28/01), 786 So.2d 131, 137. Since appeals are favored in our law, we will not impose penalties for the filing of a frivolous appeal unless they are clearly due. Id. After a careful review of the record in this matter, although we do not find |smerit in appellant’s claims, we cannot say that this appeal was taken only for the purpose of delay and we are unable to find that appealing counsel did not seriously believe in the position they advocated on appeal.
For these reasons, we hereby affirm the judgment of the district court, which granted the petition for writ of mandamus and found in favor of the Orleans Parish Criminal District Court, Clerk of Court, in the amount of $141,600.50 for the year of 2012. The request for frivolous appeal damages is denied.
AFFIRMED; REQUEST FOR FRIVOLOUS APPEAL DAMAGES DENIED.