JAMES F. MCKAY III, CHIEF JUDGE
*877 The plaintiff, State of Louisiana, through Orleans Parish Criminal District Court, Clerk of Court, Arthur Morrell, appeals the trial court's July 10, 2018 judgment in favor of the defendant, the City of New Orleans, through its Mayor, Mitchell J. Landrieu, which denied plaintiff's petition for declaratory judgment. For the reasons that follow, we reverse the judgment of the trial court and grant the declaratory relief sought by the plaintiff.
FACTS AND PROCEDURAL HISTORY
By way of background, the City of New Orleans and the Clerk of Criminal District Court have been involved in a dispute over the proper funding of the Clerk's office since 2012. The dispute is contentious and the parties have been before this Court on several occasions.[1]
After becoming aware that the invoice from his auditors in the amount of $ 40,000.00 had not been paid by the City, the Clerk sent a demand to the City requesting that it pay the billing, as had been done in the past. The request provided a March 26, 2018 reply date. The date passed with no reply. Thereafter, the Clerk filed the present lawsuit.
On April 6, 2018, the Clerk filed a petition for declaratory judgment, arguing that the City unlawfully refused to pay for the Clerk's annual audit for the 2016 fiscal year. The Clerk argued that the City's refusal caused the Clerk's auditor to delay conducting the Clerk's fiscal year 2017 audit, which is required by state law. The Clerk also argued that the City's refusal was unlawful because La. R.S. 13:1381.7 requires the City to pay the Clerk's expenses. Finally, the Clerk claimed that the City was responsible for the audit expense because the City had historically paid for it.
On April 18, 2018, the City moved to transfer the matter to the same division that had heard the previous litigation regarding the Clerk's budget, while the Clerk opposed such transfer. The district court heard the motion to transfer on June 14, 2018, and granted it on June 25, 2018. At the Clerk's urging, the district court set an expedited hearing on the merits.
*878 The matter came on for trial on June 27, 2018. Three witnesses were called to testify at trial, all by the Clerk. The witnesses were: Cary Grant, Assistant Chief Administrative Officer for the City of New Orleans; Alisha Brumfield, Judicial Administrator of Criminal District Court; and Arthur Morrell, Clerk of Criminal District Court. Following trial, a judgment was issued on July 10, 2018, "denying the Petition for Declaratory Judgment [of the Clerk] and dismissing these proceedings, with each party to bear its own costs." It is from this judgment that the Clerk appeals.
DISCUSSION
On appeal, the plaintiff raises the following assignments of error: 1) the trial court was manifestly in error in its July 10, 2018 judgment denying the Clerk's declaratory judgment based on its finding of fact in its "reasons" that "[t]here was no evidence presented that the City of New Orleans historically pays the expenses for the annual audit of the Clerk of Criminal District Court's office"; and 2) the trial court was manifestly in error in its July 10, 2018 judgment denying the Clerk's declaratory judgment in its findings of fact that "there is nothing in La. R.S. 13:1381.7, or any state law, that expressly requires the City to fund non-salary expenses, such as the annual audit of the Clerk of Criminal District Court."
In the instant case, "the scope of appellate review is confined to a determination of whether or not the trial court abused its discretion by granting or refusing to render a declaratory judgment. Hornot v. Cardenas, 06-1341, p. 11 (La.App. 4 Cir. 10/3/07), 968 So.2d 789, 797 (quoting In re Peter, 98-0701, pp.4-5 (La.App. 4 Cir. 12/23/98), 735 So.2d 665, 667. "[T]rial courts are vested with wide discretion in deciding whether to grant or refuse declaratory relief." Louisiana Supreme Court Comm. On Bar Admisions ex rel. Webb v. Roberts, 00-2517, p. 3 (La. 2/21/01), 779 So.2d 726, 728 (citing Liberto v. Rapides Parish Police Jury, 95-456 (La.App. 3 Cir. 11/2/95), 667 So.2d 552, 555.
Although the appellant lists two assignments of error, there is actually only one issue before this Court. That is, whether the trial court properly denied the appellant's petition for declaratory judgment as to whether the City was obligated to pay for the Clerk's annual audit required by law.
The Clerk argues that there is no dispute that his office must be audited on an annual basis as provided for in La. R.S. 24:513 and that the City, as found in La. R.S. 13:1381.7 is required to pay the expenses of the Clerk of Court. However, no matter what the Clerk presented in his annual budget request, the City only awarded roughly $ 3.7 million, an amount the City knew was not enough to fund the Clerk and was thus a reduction in funding each year. In fact, when Cary Grant, a 34 year City employee and Assistant Chief Administrative Officer (as to the budget) was asked about the Clerk's budget from 2012 to 2018 being stuck at $ 3.7 million, Mr. Grant admitted: "It's the amount because, as I stated in my deposition, due to legal issues, we've been instructed to remain at that amount for every year until those legal issues are resolved."
In pertinent part, La. R.S. 24:513(A)(3) provides:
The financial statements of the offices of the independently elected public local officials, including judges, sheriffs, clerks of court, assessors, and district attorneys, all parish governing authorities, all political subdivisions created by parish governing authorities or by law, and all districts, boards, and commissions created by parish governing authorities *879 either independently or in conjunction with other units of government, school boards, district public defender offices, municipalities, all political subdivisions created by municipal governing authorities, and all boards and commissions created by municipalities, either independently or in conjunction with other units of government, city courts, quasi-public agencies, housing authorities, mortgage authorities, or other political subdivisions of the state not included within the state's Comprehensive Annual Financial Reports, hereinafter collectively referred to as "local auditee", shall be audited or reviewed by licensed certified public accountants subject to Paragraph (5) and (6) of this Subsection, but may be audited by the legislative auditor pursuant to Paragraph (4) of this Subsection.
La. R.S. 13:1381.7 states:
A. The legislature finds that adequate funding of the office of Clerk of the Criminal District Court for the parish of Orleans is necessary for the efficient performance of the powers and duties required of a judicial officer of the state. Pursuant to the exercise of the police power of the state, actions or obtaining adequate funding are necessary to promote judicial efficiency and to protect and promote the lives, morals, comfort, and general welfare of people as a whole. The amounts to be appropriated and paid by the city of New Orleans for expenses, including salaries and maintenance of constitutional officers, their deputies, subordinates, and employees shall not be reduced by the city of New Orleans without the consent of the legislature.
B. The legislature further finds that the state statutes mandating payment by the city of New Orleans to the state's employees and officers of the Clerk for the Criminal District Court for the parish of Orleans constitute a valid exercise of state's police power, and such statutes do not violate the provisions of the Louisiana Constitution of 1921 or the Louisiana Constitution of 1974.
C. Nothing contained in this Section shall be construed as giving to the city of New Orleans any rights, powers, authority, or jurisdiction over any constitutional officers, their deputies, employees, subordinates, or over any state or district officers, their deputies, subordinates, or employees.
Based on our reading of the statutes above, the Clerk is clearly required to have an audit and expenses are clearly noted as a compensable obligation of the City as to the Clerk. According to Louisiana Civil Code Article 11, "[t]he words of a law must be given their generally prevailing meaning." An audit would qualify as an expense. "When a statute is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. C.C. art. 9. As such, the City is obligated to pay for the Clerk's audit and for the trial court to find otherwise was an abuse of discretion.
CONCLUSION
For the foregoing reasons, we reverse the judgment of the trial court and grant the plaintiff's petition for declaratory judgment, recognizing that the Clerk's annual audit is an expense as envisaged by La. R.S. 13:1381.7.
REVERSED AND REMANDED

State ex rel. Orleans Parish Criminal Dist. Court v. City of New Orleans ex rel. Landrieu, 2012-1756 (La.App. 4 Cir. 10/23/13), 126 So.3d 762 ; State ex rel. Orleans Parish Criminal District Court v. City of New Orleans, ex rel. Landrieu, 2014-0421 (La.App. 4 Cir. 10/1/14), 151 So.3d 714 ; State ex rel. Orleans Parish Criminal Dist. Court v. City of New Orleans ex rel. Landrieu, 2015-1089 (La.App. 4 Cir. 3/16/16), 192 So.3d 127 ; State through Morrell v. City of New Orleans through Landrieu, 2017-0110 (La.App. 4 Cir. 12/21/17), 234 So.3d 1071, writ denied, 2018-0116 (La. 3/9/18), 237 So.3d 1192 ; and State through Orleans Parish Criminal Dist. Court v. City of New Orleans through City Council, 2017-1051 (La.App. 4 Cir. 10/3/18), --- So.3d ----, 2018 WL 4778845.